UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT DEFALCO, et al.,

                              Plaintiffs,

  -v-                                        CIVIL ACTION NO.: 25 Civ. 1339 (DEH) (SLC)

                                                **ORDER**

CITY OF NEW YORK et al.,

                              Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

This matter is before the Court in response to several Letter-Motions filed in two related cases: Piney, et al. v. City of New York, et al., 25 Civ. 671 (S.D.N.Y.) ("Piney"), and Monasar, et al. v. City of New York, et al., 25 Civ. 1337 (S.D.N.Y.) ("Monasar"). As explained below, through this Order, the Court will amend the schedule by which this action shall proceed.

For context, in Piney, Plaintiffs allege that the New York City Police Department ("NYPD") and private businesses on whose behalf it contracted to provide security services violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 1 et seq., by failing to (1) adequately or timely compensate Plaintiffs, or (2) provide notices of pay rate or accurate wage statements. (See Piney at ECF Nos. 1 (the "Piney Complaint"); 91 (the "Piney SAC")). On February 18, 2025, Piney Plaintiffs filed a Motion for Conditional Collective Certification (Piney at ECF No. 54 (the "Piney Collective Motion")). On February 28, 2025, Piney Plaintiffs filed a Motion for Consolidation and Appointment of Interim Class Counsel (Piney at ECF No. 141 (the "Consolidation Motion")). The Consolidation Motion asks the Court to combine this action with Piney and Monasar.

On February 27, 2025, observing that service of process was ongoing in Piney, the Court issued an Order setting blanket deadlines of (1) April 1, 2025 for all Defendants to answer, move against, or otherwise oppose the Piney SAC and (2) May 16, 2025 for all Defendants to oppose the Piney Collective Motion. (See Piney at ECF No. 127). Thereafter, the Honorable Dale E. Ho referred this action and Monasar to the undersigned for general pretrial management. (See ECF No. 11; Monasar at ECF No. 58). On March 14, 2025, Plaintiffs' counsel in this action and Monasar filed letters indicating that they consented to the relief requested in the Consolidation Motion— that is, that this case and Monasar be consolidated with Piney and counsel for the Piney Plaintiffs be named interim class counsel (see ECF No. 12; Monasar at ECF No. 59). Counsel thus "request[ed] that the Court grant the [Consolidation Motion]." (Id.) In response, and in an effort to streamline this litigation, the Court issued an order in Piney maintaining Defendants' April 1, 2025 deadline to answer and May 16, 2025 deadline to oppose the Piney Collective Motion. (ECF No. 61 (the "Mar. 14 Order")). The Mar. 14 Order also directed the Defendants to file any opposition to the Consolidation Motion by May 16, 2025. (Id.)

This action has not developed as rapidly as Piney or Monasar. Plaintiffs filed the Complaint on February 14, 2025 (ECF No. 1 (the "Complaint")), but unlike in Piney and Monasar, there is no motion for conditional collective certification pending here. On March 1, 2025, however, Piney Plaintiffs filed the Consolidation Motion (ECF No. 7), and on March 14, 2025, the Court set in this action the same deadlines it set in Piney. (ECF No. 13).

Defendants in Piney and Monasar have now filed a Letter-Motion requesting in those cases significant alterations to the schedule the Court has set in those cases, stating that, although Defendants are not opposed to joint briefing as Piney Plaintiffs have requested, they

require additional time to confer about the topic and that any future motions to dismiss, motions to compel arbitration, or motions to strike may be better filed after consideration of the Consolidation Motion, which could necessitate the submission of a third amended complaint in this action. (See Piney at 218; Monasar at ECF No. 63). Defendants therefore request in those actions that the deadlines to answer, move against, or otherwise oppose the operative complaints and Collective Motions be adjourned sine die, pending a decision as to the Consolidation Motion. (Id. at 1–5).

The Court has carefully reviewed the Letter-Motions filed in Piney and Monasar and is convinced that many, although not all, of the suggestions they make will help streamline those cases. The Court will therefore set identical deadlines in this related action, as relevant. Accordingly, the Court orders as follows:

1. By **Friday, March 28, 2025**, counsel for Plaintiffs shall file a chart listing, in alphabetical order, the names of all Defendants, the date on which each Defendant was served, and the ECF entries corresponding to each Defendant's certificate of service.

2. By **Friday, April 11, 2025**, all Defendants who have been served shall file notices of appearance on the docket.

3. By **Friday, May 16, 2025**, any Defendants opposing the Consolidation Motion shall confer and file a single joint brief of no longer than 20 pages (or of equivalent word count). Any individual Defendant may file a supplemental brief of no longer than 2 pages (or of equivalent word count). Plaintiffs shall file any reply in support of the Consolidation Motion by **Friday, May 30, 2025**. The Court will set a page limit for Plaintiff's reply after assessing the number and nature of oppositions Defendants file.

4. Defendants' deadline to answer, move against, or otherwise oppose the Complaint is HELD IN ABEYANCE pending the Court's decision as to the Consolidation Motion.

Dated:   New York, New York
         March 21, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**